■ AMERICAN HOME ASSURANCE COMPANY, Respondent, v NATIONAL CASUALTY COMPANY, Appellant. [618 NYS2d 719] —Order, Supreme Court, New York County (Myriam J. Altman, J.), entered on or about November 4, 1993, denying defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendant has failed to show entitlement to judgment as a matter of law as to whether it refused to authorize the negotiated settlement, for which plaintiff seeks reimbursement. While correspondence from defendant's senior claims examiner to plaintiff reflects defendant's purported position that "the amount paid to settle these claims was excessive and * * * no authority was granted by our company towards this end", plaintiff's excess claims examiner stated in an affidavit that he had contacted defendant by telephone with the purpose of obtaining the latter's consent to a settlement package that might be as high as $12.5 million, and that the settlement was reached within that range "with [defendant's] knowledge and consent". Finally, defendant's senior claims examiner stated in his deposition that he had never explicitly told a representative of plaintiff not to settle the cases. More-

over, it is not clear whether the fact that defendant set aside a reserve fund of $600,000 regarding this matter indicates that it had agreed to pay its second layer 10% share. Although defendant's director of casualty claims stated in his deposition that the setting aside of a reserve is generally only an expression of a potential payout on a claim, defendant's senior claims examiner, in handwritten notes, had stated that "we are 1M [part of] 10M over 5M thus on 12.5M settlement, *we owe 10%* of about 6M *[sic]* or $600,000—need [reserve] of $600,000" (emphasis added). Concur—Asch, J. P., Rubin, Nardelli and Tom, JJ.